# CHARLESTON.

STATE v. CITIZENS TRUST & GUARANTY CO.

Submitted June 8, 1912.   Decided March 11, 1913.

1.  PROCESS—*Issuance—Successive Summonses.*

    In an action instituted in the county in which the cause thereof arose, by virtue of section 2 of chapter 123 of the Code, against ·a domestic corporation. summonses bearing different dates, but returnable at the same rule day, and directed to the sheriffs of different counties for execution, may be issued as a precaution against failure of service. (p. 183).

2.  OFFICERS—*Liabilities on Bonds—Actions—Pleading.*

    In an action against a surety on an official bond. the principal in which is dead, it suffices, in assigning the breach of its condition, to allege non-payment by the principal or any one for him or by his personal representative since his death. Non-payment by the surety by name need not be averred, nor is it necessary to allege non-payment of the penalty. (p. 184).

3.  SHERIFFS AND CONSTABLES—*Liabilities on Bonds—Actions—Pleadings.*

    In an action on the bond of a constable by an execution creditor for money collected on executions in his favor, an allegation of the collection of more money than was due on the execution and averment of the non--payment thereof do not vitiate the declaration. (p. 185).

4.  SAME—*Liabilities on Bonds—Defect in Judgment.*

    The surety on a constable's bond is liable for money collected on an execution issued on a judgment of a justice, defectively entered in the docket, for the judgment is amendable. (p. 185).

5. JUSTICES OF THE PEACE—*Judgment—Presumption.*

Though justices' courts are courts of limited jurisdiction, their judgments are sustained against collateral attack by presumptions of regularity in procedure which must be overthrown by production of the documents showing their invalidity to make the attack successful.   (p. 186).

6. SAME—*Procedure—Execution.*

The provisions of section 137 of chapter 50 of the Code, requiring the justice, in the issuance of successive executions on the same judgment, to endorse the numbers thereof on them, are directory.   (p. 187).

7. EVIDENCE—*Judicial Notice—Incumbency of Office.*

A circuit court may take judicial notice that a certain person is the incumbent of the office of clerk of the county court of the county in which it is sitting.   (p. 187).

8. SHERIFFS AND CONSTABLES—*Liabilities on Bonds—Sufficiency of Evidence.*

In an action on a constable's bond for money collected on executions, the breach of the condition of the bond may be sufficiently proved by production of the executions showing the receipt of the money, but no payment, disbursement or distribution thereof.   (p. 188).

Error to Circuit Court, Taylor County.

Action by the State, for use, etc., against the Citizens' Trust & Guaranty Company.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Warder & Robinson,* for plaintiff in error.
*John L. Hechmer,* for defendant in error.

POFFENBARGER, PRESIDENT:

As ground for relief from a judgment against it for the sum of $267.69, the plaintiff in error relies upon four principal assignments of error, calling in question the action of the court in overruling a motion to quash the summons, the demurrer to the declaration, an objection to an affidavit filed with the declaration and the demurrer to the evidence.

The action was in debt on the bond of one John H. Dean, a constable of Grafton District in Taylor county, in which the defendant, the plaintiff in error, was surety, for the recovery of certain sums of money alleged to have been collected by Dean,

as constable, on executions in favor of Findley Bros. Company, a corporation, against one George Doolittle. The action was against the surety alone, as survivor of its co-obligor, the latter being dead at the date of the institution thereof.

It was brought in Taylor county in which the cause thereof arose. A summons, dated August 31, 1910, and directed to the sheriff of Taylor county, and another, dated September 5, 1910, and directed to the sheriff of Wood county, were issued. The former was executed on A. E. N. Means, as an agent of the company, residing in the county, and the latter, upon W. G. Peterkin, President of said corporation, residing in Wood county. Appearing specially for the purpose, the defendant moved to quash said writs and the returns thereon, which motion was sustained as to the first and overruled as to the latter.

Treating the summons of September 5, 1910, as an alias, authority of the clerk to issue it is denied in argument and *Gorman* v. *Stead,* 1 W. Va. 1; Code ch. 124, sec. 3; *Abney* v. *Lumber & Mining Co.,* 45 W. Va. 453, and *Blowpipe Co.* v. *Spencer,* 46 W. Va. 590, are relied upon as sustaining the position thus assumed. The process of September 5, 1910, does not purport to be an alias, nor to have been issued under the provisions of section 3 of chapter 124 of the Code. On the contrary, it purports to have been an original summons issued under section 2 of that chapter, in an action commenced under the provisions of section 2, chapter 123 of the Code, giving right to sue in the county in which the cause of action arose. Endeavoring to avail itself of this provision, plaintiff took one original summons directed to the sheriff of Taylor county and another directed to the sheriff of Wood county. As the defendant is a corporation, section 2 of chapter 124 authorizes process directed to the sheriff of a county other than that in which the action is brought, notwithstanding it is brought in the county in which the cause of action arose and in which none of the defendants reside. It says the process from any court, whether original, *mesne* or final, may be directed to the sheriff of any county, except that process against a defendant to answer in any action, brought under the second section of chapter 123 of this code, shall not be directed to an officer of any other county

than that wherein the action is brought, unless such defendant be a railroad, canal, turnpike, telegraph, insurance company, or any other corporation, notwithstanding the second division of section 1 of chaper 123 of the Code. Formerly, only a railroad, canal, turnpike, telegraph, or insurance company could be thus sued, but the law was amended by chapter 11 of the Acts of 1903 so as to put all corporations in the class of those just named. Thus amended, the section seems broad enough to authorize process from the county of Taylor, in which the action was instituted, directed to any other county in the state, and we know of no provision of law inhibiting the issuance, in the same cause, of two or more different summonses directed to different counties. These two writs, agreeing in all substantial particulars other than the direction for execution, could not have misled the defendant to its prejudice. The issuance of two writs in the same action, directed to different counties, as a precaution against failure of service, being natural, reasonable and consistent with the presence of a single declaration in the clerk's office, no element of uncertainty was introduced by the issuance thereof. Ordinarily writs issued in the same case to different counties bear the same date, but departure from the usual practice only to the extent of issuance on different dates is not sufficient ground for an inference of two separate actions or anything else contrary to the fact.

The averment of the breach of the condition of the bond, the sufficinecy of which is denied, on the ground of narrowness, sets forth all that is required under principles announced in *Riggs* v. *Parsons,* 29 W. Va. 522; *Reynolds* v. *Hurst,* 18 W. Va. 648; *State* v. *Phares,* 24 W. Va. 657. Having charged collections, by the constable, of certain sums of money, on executions, the declaration expressly negatives payment thereof by Dean in his lifetime or any one for him or by his personal representative since his death, to the justice who issued them or any other person authorized to receive the money, and failure and refusal of the personal representative to pay the same. Non-payment of these moneys by the debtor, his personal representative or any other person is charged, though non-payment by the defendant *eo nomine* is not averred. As the allegation negatives payment by any person on behalf of the debtor and thus neces-

sarily and in effect charges non-payment by the surety, it is clearly sufficient. The averment of non-payment of the penalty of the bond is not so broad and might not be sufficient, if such an allegation were requisite; but it is unnecessary in a declaration on an official bond to aver non-payment of the penalty, because the bond is payable to the state for the use of all persons who may have causes of action arising out of breaches of its condition and ordinarily no person is entitled to exact or receive the whole thereof. *State* v. *Phares,* cited.

As the declaration avers the collection of sums of money amounting in the aggregate to more than the sum awarded by the judgment on which the executions were issued, the principles applicable to tender are invoked in condemnation thereof. This position is untenable, since the officer became liable, according to the allegations of the declaration, for the amount called for by the executions, and the allegation of the collection of more than that amount may be treated as surplusage. The principles applicable to tender do not apply here. A sufficient tender relieves, in case of rejection thereof, from interest and costs, but does not preclude recovery of the debt. This part of the declaration, read according to its true effect and terms, demands the collections to the extent of the judgment and the interest thereon, and it is not perceived that the assertion of a claim for something additional can destroy what has been thus sufficiently demanded.

As the office judgment was set aside and the defendant permitted to defend, we have no occasion to inquire whether the court properly overruled the objection to the affidavit, stating the amount the plaintiff claimed the right to recover, filed with the declaration, under the provisions of section 46 of chapter 125 of the Code, to preclude the setting aside of the office judgment, in the absence of the filing of a counter affidavit. The error in that ruling, if any, has become immaterial.

On the demurrer to the evidence, taking the case from the jury on the question of liability, invalidity of the judgment is relied upon. The docket of the justice was introduced, showing the rendition of a judgment on the 28th day of April, 1908, in favor of the plaintiff against the defendant for $226.77, but the transcript fails to name the parties to the action. Their

names are given in a summons introduced on the trial, but no document .in terms connects it with the entry of judgment. Whether it is the summons in the action in which the judgment was rendered is matter of inference and assumption, although the justice in whose custody the docket was, a successor of the one who rendered the judgment, treats it in his testimony as the summons in that case. As he is the custodian of the docket and papers, his testimony may make the connection, but it is unnecessary to say whether it does or not. If it could be said, on this showing, that the judgment is absolutely void, there might be no liability for collections on executions founded upon it. Some authorities deny such liability, while others assert it. We need not make choice between these two lines of authority, or attempt to harmonize the cases, for, under our decisions, the justice's docket need not show all the essential elements of a valid judgment. Its entries need not be complete and resort may be had to all papers filed to supply omissions. *Anderson* v. *Henry,* 45 W. Va. 319, 325; *Davis* v. *Trump,* 43 W. Va. 191. For all that appears in the testimony, there may have been other entries in the docket which were not read. Both the justice who rendered the judgment and his successor, having custody of the docket and official papers, testified, saying the executions were issued on a judgment in favor of the plaintiff against Doolittle, the alleged judgment debtor, but neither was asked whether the docket or any other papers show the style of the case. Likely there was an endorsement thereof on the summons and on the account or claim filed. Notwithstanding justice's courts are courts of limited jurisdiction, there are some presumptions in favor of their judgments which must be overcome to sustain collateral attacks thereon. *Bumgarner* v. *Bank,* 70 W. Va. 787; *Moren* v. *Fire-Clay Co.,* 44 W. Va. 42; *Horner* v. *Huffman,* 52 W. Va. 40. Under the liberal rules governing the proceedings of justices of the peace, defects in the record of the judgment could have been amended by the justice so as to sustain the executions, had motions to quash the same been made by the defendant. The memorandum read from the docket shows judgment was rendered on the return day of the summons. If it was not then sufficiently entered, as it seems not to have been, a sufficient entry thereof could have been made afterwards, under

principles declared in *Packet Co.* v. *Bellville,* 55 W. Va. 560, adopting the views expressed in the dissenting opinion of Judge BRANNON *in McClain* v. *Davis,* 37 W. Va. 330.

Lack of endorsement of the last two executions as "second" and "third", in compliance with the provisions of section 137 of chapter 50 of the Code, is relied upon as ground of invalidity. As they seem to have been introduced by reading them to the jury, they may have been so endorsed and the endorsements not read. However, the requirement is directory and non-compliance therewith does not invalidate. The endorsement forms no part of the body of the writ and the terms of the statute are not mandatory in form. Besides the debtor could waive such a defect and did so by payment.

Endorsement of the credits on the execution by the justice, and not by the constable, a contention insisted upon in argument as being consistent with the terms of the endorsement, plainly conflicts with those terms and is wholly untenable. The endorsements of credit constitute parts of the returns and hence do not purport to have been made by the justice. Besides memoranda on the second and third executions show payment to Dean, constable, in express terms.

Over the objection of the defendant an alleged attested copy of the bond was introduced. If the exception to the ruling respecting its admission is to be sustained, there will be a fatal defect in the evidence. It is said the attestation is insufficient. It is in this form: "Teste: L. Kitzmiller, Clerk. A Copy Teste: Hayward Fleming, Clerk. By M. D. Allender, His Deputy Clerk." The name of the county is not given. And there is no proof that Kitzmiller and Fleming were clerks of the county court of Taylor county, in the clerk's office of which the law required the bond to be recorded. That an attested copy of a recorded paper is admissible is not denied, but it is insisted that the attestation must show the attesting officer was clerk of the court in whose office the law requires the paper to be recorded. If this paper had come from a court of a foreign country or a sister state, authentication in due form would have been necessary, and the authority of the attesting officer could not have been assumed. But the certificates of domestic officers stand upon a different footing and the courts will take

judicial notice, not only of the character of the office or court, but also of the fact that a particular person is the incumbent of the office, when a paper comes, or should come, from an office in the county in which the trial court is sitting. Wigmore Ev., sec. 2578, note 1. Incumbency of the office of probate judge of a certain county by a certain person is within the judicial knowledge of trial courts. *McCarver* v. *Herzberg,* 120 Ala. 523. Incumbency of the offices of justices of the peace in counties in which courts are sitting will be judicially noticed. *Graham* v. *Anderson,* 42 Ill. 514; *Webb* v. *Kelsey,* 66 Ark. 180; *Gilbert* v. *National C. R. Co.,* 176 Ill. 288. So may the incumbency of the office of associate judge of a city court. *Follain* v. *Lefevre,* 3 Rob. (La.) 13.

Conceding, for the purposes of the argument, correctness of the assumption that the case falls within the line of authorities, making it incumbent upon the plaintiff to prove the alleged breach of the condition of the bond, notwithstanding its negative character, this requirement has been complied witl . The statute makes it the duty of a constable to show by his return a complete history of his proceedings under an execution. The command of the execution is to collect the amount due out of the personal property of the judgment debtor, and pay the money made to the party entitled thereto, and make return thereof, showing how it has been executed. Code, ch. 50, sec. 135. The return put in evidence shows the collection of the money, but no disbursement thereof. The omission justifies an inference of non-payment, calling upon the defendant for rebutting proof. Slight evidence suffices to establish a negative act, when the burden of proof thereof rests upon the plaintiff. *Young* v. *Stephens,* 9 Mich. 500.

Seeing no error in the judgment, we affirm it.

*Affirmed.*