# CHARLESTON.

### STATE *v.* M. M. MONTGOMERY.

Submitted May 22, 1923.   Decided May 29, 1923.

1. CRIMINAL LAW—*Justice of the Peace May Try and Sentence One Accused of Unlawful Possession.*

   A justice of the peace has jurisdiction to try one accused of having in his possession "moonshine liquor" and to impose penalties therefor provided by sec. 37, chap, 32A, Barnes' Code 1923.   (p. 158).

2. STATUTES—*Amendment Construed as Included in Original Act, But not Retroactive Unless Plainly Made so by Terms Thereof.*

   Generally, where a statute is amended and reenacted, the amendment should be construed as if it had been included

in the original act; but it cannot be retroactive, unless plainly made so by the terms of the amendment. (p. 158).

3. SEARCHES AND SEIZURES—*Members of Department of Public Safety Authorized to Receive and Execute Search Warrants.*

A search warrant directed "to any member of the department of public safety or to any constable of said county," is not void because directed to an unauthorized officer. Members of the department of public safety are authorized and directed to receive and execute search warrants issued by any properly constituted authority. (p. 159).

4. SAME—*Essential Elements to Constitute Sufficient "Probable Cause" in Complaint for Search Warrant Stated.*

If the complaint on which a search warrant has been issued shows that the complainant has information that the offense is being committed and that he has cause to believe and does believe that the offense is being committed, and makes oath thereto, it will constitute sufficient "probable cause"; and the warrant issued thereon is not void for that reason. (p. 161).

5. CRIMINAL LAW—*Proceedings Before Justice of Peace Presumed Regular Where Jurisdiction Shown.*

Where a justice of the peace has jurisdiction of a cause of action, it will be presumed that the proceedings therein were regular, until the contrary is shown. (p. 159).

6. SEARCHES AND SEIZURES—*Description in Search Warrant Held Sufficient as to Place to be Searched, Things to be Seized, and Persons to be Apprehended.*

A search warrant which directs the officer to enter that building, outbuildings, and premises occupied by M. M. M. as a barber shop in the village of E. in the county and state aforesaid, and there search and seize all intoxicating liquors and other appurtenances therein found apparently used in the sale, keeping or storing of liquors contrary to law; and commanding the officer to arrest all parties and persons found in the premises where such liquors are found, is a sufficient specific description of the place to be searched, the thing to be seized, and the person or persons to be apprehended. (p. 161).

7. SAME—*Held Not Unreasonable nor Unlawful.*

If in the execution of such warrant the barber shop in the building be searched in the presence of the owner, and it be ascertained through him that he occupies a sleeping room in

the building to be searched, which he rents from another, and where he sleeps, and he makes no objection to a search of that room, but on the contrary conducts the officers to it, unlocks it and his trunk therein where moonshine liquor is found, which is seized; the search and seizure is not unlawful and unreasonable, though the other portions of the building be owned or occupied as a dwelling by another person. (p. 161).

8.  CRIMINAL LAW—*Unnecessary for Accused Before Trial to Petition for Return of Articles Seized Under Alleged Void Search Warrant.*

It is unnecessary as a part of the procedure for the accused before trial to file his petition and pray for the return to him of articles seized under an alleged void search warrant and to ask that the officers be prohibited from giving evidence obtained in the unlawful search and seizure, in order to exclude the articles and testimony as evidence on the trial. The rights of the accused in that regard are amply protected and conserved by motion to reject or exclude when the article and testimony are offered on the trial.  (p. 161).

Error to Circuit Court, Randolph County.

M. M. Montgomery was convicted of unlawfully having in his possession a quantity of moonshine liquor, and he brings error.

*Affirmed.*

*C. W. Maxwell* and *W. B. & E. L. Maxwell,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

LIVELY, JUDGE:

On March 4, 1922, the circuit court, upon a verdict of guilty as charged in the warrant, sentenced defendant to confinement in jail for 90 days and to pay a fine of $300, to which judgment and sentence this writ was awarded.

The warrant charged defendant with unlawfully having in his possession a quantity of moonshine liquor, in January, 1922, contrary to law.  The evidence on which defendant was convicted was obtained by virtue of a search and seizure

warrant issued prior to the warrant on which he was convicted, and the case turns upon the legality of the issuance and execution of the search warrant. Upon the affidavit of R. S. Irons, made before M. M. Smith, a justice of the peace, on January 28, 1922, a search and seizure warrant was issued and placed in the hands of Elwin Moran, a member of the department of public safety, commonly known as the "state police," directing him to forthwith enter that building and premises occupied by defendant as a barber shop in the village of Ellamore in Randolph county, and search and seize all liquors, etc., found therein; and to arrest all parties and persons found in said premises and bring them before him to be further dealt with according to law. This officer, accompanied by Moore and Wooddell, members of the state police, proceeded to the building designated in the search warrant, which contained the barber shop in one room at the end of the building, and searched the shop but found no intoxicating liquors therein. Defendant was found and was present while the shop was being searched. Some of the officers asked him where he roomed, and he informed them that his room was in the building, and upon the expression of a desire by the officers to search his room he took them to it, opened the door and a search was made therein. In his trunk, which defendant opened with his key, the officers found eleven pints of moonshine whisky, a sample of which was introduced in evidence. The dwelling was occupied by Columbus Moore, who rented the room in which the liquor was found, to defendant, which he occupied and where he slept. The liquor, together with defendant, was taken before the justice where the warrant was issued on the 29th of January, the prisoner placed in custody and the trial of the case was continued until February 1st, when defendant appeared in person and by counsel, craved oyer of the complaint for the search warrant and the warrant, which was granted; filed a plea to the jurisdiction of the justice to try the case, the state having elected to try under the statute, and also tendered and filed another plea stating in substance that there was no evidence against him except that secured by the officers on the search warrant which was

alleged to be illegal and unlawful and that the search was made in violation of the constitutional right of defendant to be secure from unreasonable search and seizure. The plea averred that the search warrant was void: (1) because it was not directed to the sheriff or a constable; (2) because it was directed to any member of the department of public safety and was executed by a member of that department; (3) because the warrant was sworn out upon information under oath contrary to the constitution; (4) that the complaint did not show that Irons, who made it, had probable cause upon which to base it; (5) because Irons was not actually sworn to the complaint; (6) that Irons had no personal knowledge of any offense committed by defendant, and therefore no probable cause existed for the search warrant; (7) because the warrant was a subterfuge in order to obtain evidence; (8-9-10-11) because of indefinite description of the place to be searched and the persons or things to be seized; and (12) because of other errors and irregularities appearing upon the face of the complaint and search warrant.

The plea was rejected, the case tried and a fine imposed upon the prisoner of $300 and he was sentenced to be confined in jail for 90 days, and to labor upon the public roads. An appeal was taken to the circuit court and tried on March 4th, with the result above indicated. On February 24th the defendant presented to the court his petition setting out the proceedings hereinbefore detailed and setting up the same grounds in varied form for his discharge which he had interposed by his plea in the trial before the justice, and alleging upon information and belief that Irons, who signed the complaint for the search warrant, was not sworn to the truth of the matters therein contained; and prayed therein that Irons, the prosecuting attorney, and the officers who arrested him be made parties to the petition and that the liquor wrongfully taken from him be returned; that the search of petitioner's premises and the seizure of his property be declared unlawful and wrongful and that the officers be prohibited from testifying against the petitioner upon the appeal. The petition was demurred to by Irons

and the officers, and the demurrer sustained. Petitioner tendered an amendment setting out in effect that the officers not only searched the barber shop but entered the home and apartments of Columbus Moore in the same building and searched his (defendant's) private room in the home of Moore and charging that under the search warrant they had no right to search his private room in Moore's home, and for that reason the search of the room and seizure of the liquor was illegal and void. A demurrer was sustained to this amendment. Defendant pleaded not guilty, and the case went to trial. At the conclusion of the evidence of each of the officers (they being the only witnesses examined) defendant moved to strike out the evidence of each because the search warrant was void. The court refused to sustain these motions. The complaint for the search and seizure and the warrant for search and seizure, with the return thereon, were introduced in evidence; also a sample of the moonshine liquor seized. No evidence was offered by defendant.

Logically, the first assignment of error which should be considered is whether the justice had jurisdiction to try on the warrant. For, if the justice did not have jurisdiction, and could not try the case, the circuit court had no jurisdiction upon appeal. *Richmond* v. *Henderson,* 48 W. Va. 389. Under sec. 32 of chap. 32A of the Code, which is the chapter on intoxicating liquors, a justice of the peace is given concurrent jurisdiction with the circuit or other courts having criminal jurisdiction, for the trial of first offenses arising under the act. The state may elect to have trial before the justice in such cases, or require only a preliminary hearing to determine whether the accused shall be held to the grand jury; and the prisoner, in case the state elects to try, is entitled to a jury. This provision was contained in sec. 7 of the Acts of 1915; but it is pointed out that the offense charged in the warrant, namely, unlawfully having in his possession a quantity of moonshine liquor contrary to law, was not an offense until it was made so in 1921, and therefore the justice did not have jurisdiction under said section 32. The jurisdiction of a justice to try and deter-

mine criminal offenses is purely statutory. But does not the offense created by the act of 1921, which is an amendment to the act of 1915, bring it within the jurisdiction of a justice? Where there has been an amendment and re-enactment of a former statute, the rule of construction is that the amendment becomes a part of the original act in respect to things thereafter done, as if it had been a part of the original act. The amendment becomes a part of the original statute, and of course must be read in relation to all of the provisions of the original act. Where certain amendments to an act gave justices of the peace concurrent jurisdiction with the common pleas court, "under the restrictions and limitations herein provided," this was held to refer to the restrictions and limitations provided in the original act as it stood after all the amendments made thereto were introduced into the same, in their proper places. Endlich on Interpretation of Statutes, sec. 294; *State* v. *Vandetta*, 86 W. Va. 186, 191. We think the statute and its amendment, properly construed, give to a justice jurisdiction to try the offense charged in the warrant. But it is said by holding that a justice has jurisdiction of the offenses designated in section 37 we would have the spectacle of a justice of the peace trying for the offense of owning, operating or maintaining a moonshine still, set out in that section, and sentencing the offender to the penitentiary. Nowhere is a justice given jurisdiction to try felony charges. He can only hold preliminary examinations on such warrants, and if there be probable cause hold the accused over to answer an indictment. It will be observed that in said section 37 it is expressly provided that any person held by a justice under that section to answer for a felony shall execute a bond for his appearance, of not less than $1,000 to answer an indictment; clearly indicating, if any indication was necessary, that the legislature did not intend a justice to try felony charges under the prohibition laws.

Was the search warrant void?—This is the controlling question. It is said that the warrant was void because it was directed "to any member of the department of public safety, or to any constable of said county," and delivered to

Moran and executed by him, because the justice had no authority to direct a search warrant to any officer other than a sheriff or constable. While it may be noted that the warrant is directed "to any member D. P. S. or *any constable of said county*," yet we find that section 14 of chapter 19 of the Code creating the department of public safety and defining the powers and duties of the members thereof, gives them express power to serve criminal process issued by any court or justice of the peace, and that they may execute warrants for the arrest of any person and warrants for the search of any premises issued by any properly constituted authority; and may exercise all the powers conferred by law upon a sheriff, constable or other peace officer, except that they shall not serve civil process or exercise any of the powers of such officers in civil matters. This objection is more to the form than the substance, and we do not think the direction of the warrant as above set out would render it or its execution by a member of the state police void. It is said that the warrant is void because it was sworn out upon information "contrary to the constitution; that the complaint did not show that Irons himself knew of the probable cause on which to base the complaint; that he was not actually sworn to the complaint; and had no personal knowledge of any offense committed by the defendant, and therefore, no probable cause existed for the search." These objections were interposed to the complaint of the warrant in the case of *State* v. *Kees*, 92 W. Va. 277, 114 S. E. 617, and are fully answered in that case. It was there held that a search warrant issued upon a complaint in the form prescribed by section 9 of chapter 32A of the Code, (which is the form of the instant case), is a valid warrant and evidence procured by search made thereunder is proper to be introduced upon the trial of one whose premises were searched, for an offense thereby shown. The opinion in that case answers this point of error. But it is alleged in the petition upon information and belief that Irons did not actually swear to the complaint. The complaint and search warrant are both exhibited as a part of that petition, and show on their face that the affidavit was actually sworn to by Irons. Moreover, on the trial the

affidavit and warrant were produced in evidence, and defendant was given opportunity at that stage of the trial to show that his information and belief was well founded. He offered no evidence in that respect; and the record of the justice's trial, together with the complaint and warrant, was sufficient to show that the information and belief of the defendant was not well founded. The justice certified that the complaint was sworn to by Irons; and it is presumed that an officer would not issue a warrant or receive a complaint unless it had been sworn to. An officer is presumed to have discharged his duty, until the contrary is shown. *Bumgarner* v. *First Nat. Bank,* 70 W. Va. 787; *State* v. *Trust Co.,* 72 W. Va. 181.

The last assignment directed to the invalidity of the search warrant is that the descriptions of the place to be searched and the persons or things to be seized, are both indefinite; and that the officers in the execution of the warrant not only searched the barber shop but that they went into the apartment of Columbus Moore in the building in which the barber shop was located and into the private room of defendant in the home of Moore and found the liquor therein; and that they had no right under the search warrant so to do  It may be well to give the material parts of the search warrant bearing on this assignment, which are as follows: "Whereas, R. S. Irons has made complaint, on information, on oath, before me, M. M. Smith, a justice of the peace of said county, that he has cause to believe and does believe that intoxicating liquors, as defined by section 1 of Chapter 13, Acts of the Legislature of 1913, and 1920-21, are being manufactured, sold, offered, exposed, kept and stored for sale, or bartered, in said county aforesaid, in that building, outbuilding and premises occupied by M. M. Montgomery as a barber shop in village of Ellamore, contrary to the laws of the state of West Virginia. These are, therefore, to command you, in the name of the state of West Virginia, forthwith to enter that building, outbuildings and premises described above in said county aforesaid, and there search and seize all liquors found therein, etc. * * * * and to arrest all parties and persons found in said premises afore-

said, and above described, and bring them before me," etc. Under this warrant the officers were directed to enter and search the building occupied by Montgomery as a barber shop. We do not think the place to be searched is at all indefinite. It is claimed that the warrant should be construed as to confine the search to the barber shop and not to the building. "It is universally recognized that these provisions require that a search warrant shall contain a description of the premises to be searched so specific and accurate as to avoid any unnecessary or unauthorized invasion of the rights of privacy, yet it is difficult to lay down any specific test which can be invariably applied to determine the sufficiency of the description in a warrant. But the prevailing rule seems to be that it is a sufficient designation of the place to be searched if the officer to whom the warrant is directed is enabled to locate the same definitely and with certainty." 24 R. C. L. p. 712, sec. 16, title, "Description of Place." We think the warrant sufficiently indicated the place to be searched and gave the officers authority, at least, to search that part of the building occupied by defendant. The evidence is uncontradicted that defendant was present when his barber shop was searched, and when the officers asked him where his sleeping room was and indicated a desire to search that also, he made no objection and took them to his room in the Moore apartment, unlocked it and also unlocked the trunk in which the liquor was found. "One who consents to have his property searched by an officer without a warrant has no right of action as for an illegal search." 24 R. C. L. 723, citing *McCurg* v. *Brenton,* 123 Ia. 368, 65 L. R. A. 519; *Smith* v. *McDuffee,* 72 Ore. 276; Ann. Cas. 1916D, 947. It has been held that the searching of the office of an accused with the consent and aid of his servant and agent, who was in possession, in order to obtain evidence against the accused, is not in violation of the constitutional provision against unreasonable searches. *State* v. *Griswald,* 67 Conn. 290, and note to 101 A. S. R. 329. That the sleeping room was rented from Moore and that the officers entered the building occupied by Moore, for the purpose of reaching defendant's

room, we think is unimportant. Moore, it seems, raised no objection, and probably could not have done so under the warrant which authorized the search of that building. We think the description of the thing to be seized, namely, "intoxicating liquors, as defined in section 1 of chapter 13, Acts of 1913, and 1920-21," is amply sufficient and specific. The statute, section 9 of chapter 32A provides that where such search warant is issued to search a building or other place for a violation of the liquor laws, the parties found therein shall be arrested and brought before the justice issuing the warrant, and the warrant in this case follows the statute, and we think is a sufficient description of the persons to be arrested thereunder. Sec. 7 of the Act says the entire act must be construed liberally.

It is insisted that the court, before entering upon the trial, should have overruled the demurrer to the petition, required the parties thereto to make up an issue and decide in that way the validity of the search warrant, and whether the evidence obtained thereunder was admissible. Did the court commit error in sustaining the demurrer to the petition? Was it the proper procedure to overrule the demurrer to the petition, require the prosecuting attorney and police officers to answer the petition, making an issue to be tried by the court before the jury was impaneled? This is a question of procedure. The object of the petition was to test the legality of the search and seizure, and if illegal, to prevent the introduction of all evidence to sustain the charge on which defendant was held. In this way by petition the court was called upon to decide whether the evidence would be admitted to the jury. Sustaining the demurrer was tantamount to striking out the petition; and evidently the court acted upon the general rule, that in the trial of criminal cases, the courts will not stop to try collateral issues. We cannot see where defendant has been prejudiced by the action of the court in this regard. When the evidence was offered in the trial an objection to its introduction on the grounds alleged in the petition would require the court to decide the same questions presented by the petition. Questions on the ad-

missibility of evidence arise in almost every trial, both civil and criminal, and are speedily determined by the court. If proper, the jury is ordered to retire while the court considers and determines the admissibility of the proffered evidence. Expeditious and orderly trial should not be subordinated to a rule of procedure requiring the trial of a collateral issue when it can be speedily determined in the progress of the trial and wherein all the rights of the prisoner can be fully protected. As said by JUDGE MEREDITH in *State v. Wills*, 91 W. Va. 659; 114 S. E. 261, "Under the practice in this state the defendant might object to the introduction of the evidence when offered. He is not required, as he did in this case, to file his petition for the return of the seized articles, and the rejection of the evidence, to prevent their introduction against him." And in *Gould* v. *U. S.* 65 Law Ed. Supreme Court Reports, 647, the judge said: "If, in the progress of a criminal trial, it becomes probable that there has been an unconstitutional seizure of the papers of the accused, of evidential value only, it is the duty of the trial court to entertain an objection to the admission of such papers in evidence, or a motion for their exclusion, and to consider and decide the question as then presented, even where a motion to return the papers may have been denied before trial." In *State* v. *Driver*, 88 W. Va. 479; 15 A. L. R. 917, prior to the trial the court was petitioned to appoint a commission of medical experts to examine the prosecuting witness, a child, to ascertain if she was of a type known as a "moron," and report to the judge their opinion of her competency and credibility, which was refused, and this court said it was not error; that those questions could be, and were investigated and determined in the trial. We do not think the court committed error in the procedure in the instant case. The right of defendant to test the questions presented by his petition was not prejudiced by rejecting the petition; and defendant did, by objecting to the evidence on the trial, fully protect his rights in that regard.

At the conclusion of the evidence defendant offered an instruction to the effect that each juror should make up his

mind as to the guilt or innocence of the defendant and that it was the duty of each juror who believed beyond a reasonable doubt that defendant was guilty to hold for conviction, and equally the duty of each juror who was not so convinced, to hold for acquittal.   The court refused to give this instruction, but modified it and gave it as follows:  ''The court instructs the jury that it is the duty of each juror to make up his mind from the sworn evidence in the case as to the guilt or innocence of the defendant, as charged in the warrant.''   This is assigned as error, and *State* v. *McKinney,* 88 W. Va., 400 is cited. A verdict must be unanimous.  Every juror understands that they all must agree on a verdict before it can be returned, although it is not improper to so instruct.   The terms in which the proposed instruction was couched border on an invitation to them to be obdurate, and disagree.   Due and proper deliberations in the jury room, and a careful consideration of the evidence in helpful discussion among the members should be encouraged, and obduracy discouraged.  Of course, after discussion, communion and deliberation with his fellows, if any juror finds that he cannot conscientiously say he is convinced beyond a reasonable doubt of the guilt of the accused it is his duty under his oath so to find, and an instruction so worded would not be objectionable.   The instruction as modified states that which every juror, even of little intelligence, would know, namely, that he is to decide from the evidence as to the guilt or innocence of the accused.   The instruction, if given as tendered, could scarcely have influenced the verdict.  The evidence was uncontroverted, clear and convincing.   The instruction in the McKinney case, as may be gleaned from the opinion, told the jury that if after due consideration of the evidence and consultation with his fellows, any juror should entertain a reasonable doubt of the guilt of the accused, it was his duty not to surrender his own convictions simply because others were of a different opinion.   We do not think there is sufficient error in the refusal of the instruction as tendered and the giving of it as modified, to warrant a reversal.  See *Brogan* v. *Traction Co.,* 76 W. Va. 698, 706.

We hold that the search warrant was valid, and that the search and seizure thereunder was not unlawful and unreasonable; that the evidence obtained thereby was admissible, and it was not error to refuse to strike out the evidence of the state's witnesses.

The judgment is

*Affirmed.*