## CHARLESTON.

STATE v. FRANK WANTROPSKI.

(No. C. C. 298.)

Submitted September 9, 1924.    Decided February 3, 1925.

CRIMINAL LAW—*Supreme Court Will Not Consider on Certification, Ruling of Circuit Court on Sufficiency of Petition to Suppress Evidence.*

This Court will not consider upon certification the ruling of the circuit court upon the sufficiency of a petition to suppress. evidence.

(Criminal Law, 17 C. J. § 3355.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Frank Wantropski was indicted for unlawful ownership of a moonshine still, and petitions for suppression of evidence. After sustaining demurrer to petition, the circuit court certified questions of law arising thereon.

*Dismissed.*

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for the State.

*Martin Brown,* for defendant.

LITZ, JUDGE:

One Frank Wantropski was indicted in the circuit court of Marshall County for unlawfully and feloniously owning, operating, maintaining, possessing, and having an interest in a certain apparatus, mechanism and device for the manufacture of intoxicating liquors commonly known as a "moonshine still." Upon his arraignment the defendant demurred to and moved to quash the indictment. The demurrer and motion to quash having been overruled, he then pleaded not guilty to the charge.

Thereafter, before trial, defendant filed his petition stating that prior to the indictment a special constable, acting under an alleged search and seizure warrant, had invaded his home and seized a still and quantity of mash; that the alleged search warrant was invalid and for this reason the property seized thereunder should not be used as evidence against him; that nevertheless the State, as defendant is informed, intends to offer in evidence at his trial upon said indictment the still and mash aforesaid; wherefore he prays that the still, mash and other substances and things seized and alleged to have been taken out of petitioner's dwelling house, and all other facts of evidential value obtained by said search and seizure, be suppressed and denied to the State as evidence upon said trial.

The circuit court, having sustained a demurrer to the petition, certified the questions of law arising thereon to this Court, and stayed further proceedings pending our decision in the premises.

This proceeding is based upon the practice prevailing in the Federal courts authorizing a defendant to test in advance of trial the admissibility of evidence alleged to have been obtained through illegal search and seizure. *Weeks* v. *United States,* 232 U. S. 370, 58 L. Ed. 652, 34 S. C. 341; *Wise* v. *Mills,* 220 U. S. 549, 55 L. Ed. 579, 31 S. C. 597; *Wise* v. *Henkel,* 220 U. S. 556, 55 L. Ed. 581. Such practice, however, has not gained sanction by the State courts as a recognized common law procedure. We held in the case of *State* v. *Montgomery,* 94 W. Va. 153, that it was not error for the trial court to sustain a demurrer to such petition upon the

theory that in the trial of criminal cases the courts will not stop to try collateral issues, which can be speedily determined in the progress of the trial without impairing the rights of the prisoner.

We hold that the procedure is improper and that the ruling of the circuit court upon the sufficiency of the petition will, therefore, not be considered on certificate, which is accordingly

*Dismissed.*