STATE OF WEST VIRGINIA *v.* HENRY LACY

(No. 8526)

Submitted February 24, 1937. Decided March 9, 1937.

*Lee, Blessing & Steed* and *E. E. Robertson,* for plaintiff in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

RILEY, JUDGE:

The defendant, Henry Lacy, was tried, convicted and sentenced to the penitentiary for four years in the Inter-

mediate Court of Kanawha County upon an indictment charging him with having firearms, actively or constructively, in his possession, while engaged in the unlawful sale, or in aiding or assisting another or others in such unlawful sale, of alcoholic liquors. Upon application for writ of error, the Circuit Court of Kanawha County affirmed the judgment of conviction.

This case involves the validity of two separate search warrants, one upon the complaint of R. M. Dial for the search of "that particular upstairs apartment located at 617½ Kanawha Street * * * and occupied by Henry Lacy and others," and the other upon the complaint of R. C. Alderson for "that particular building upstairs located at 621½ Kanawha Street * * * and occupied by Henry Lacy." Through a window in the rear of 621½ Kanawha Street and a door in the rear of 617½ Kanawha Street, leading onto a common porch or platform, free access was had between the two premises.

The complaint, upon which the search warrant for 617½ Kanawha Street was based, is to the effect that affiant "complains and says that he has cause to believe that and does believe that alcoholic liquors, as defined by the West Virginia Liquor Control Act are being * * * sold * * * in that particular upstairs apartment * * * contrary to the laws of the State of West Virginia, and that the facts for which belief are *Possession &amp; Sale.*" The complaint for the premises known as 621½ Kanawha Street is in the same form, but states that the facts for the affiant's belief are *"sale."*

Under the search warrants in question, a raid was made by members of the West Virginia Department of Public Safety at 9:30 o'clock P. M., on July 18, 1936. As a result of the raid, a large quantity of liquor was found stored at 617½ Kanawha Street, in an apartment in which Lacy lived. No liquor was found at 621½ Kanawha Street. At the time of the raid, the officers saw no sales of liquor while on the premises. When the officers entered 621½ Kanawha Street, the waitress ran to the back of the premises through the window and into the rear of 617½ Kanawha Street,

followed by two officers. When the officers reached 617½ Kanawha Street, they found the defendant with a Colt .44 revolver on his person. They immediately arrested, handcuffed, and took him to jail. Over objection, the state introduced testimony of prior sales at 621½ Kanawha Street.

Objection was made to the evidence which was obtained as a result of the raid, and a motion was made to exclude the same on the ground that the warrants having been issued upon insufficient complaints were invalid. The trial court's action in overruling the motion is stressed by counsel for the defendant as their principal ground of error.

Prior to the enactment of Chapter 4, Article 6, Section 18, Acts 1935, under which the complaints in the instant case were executed, the statute (Code 1931, 60-2-4) provided, among other things, that

> "Every justice of the peace * * * upon information made under oath or affirmation that any person is * * * selling * * * any liquors, contrary to * * * or violating any provision of this chapter, or that the affiant has cause to believe and does believe that such liquors are * * * sold * * * in any house, building, or other place named therein, contrary to the provisions of this chapter or that any provision of this chapter is being or has been violated, shall issue his warrant, * * *."

And, under the foregoing statute, this court, on numerous occasions, has held that a search warrant based upon information, instead of facts, is sufficient compliance with the constitutional provisions (Section 6, Article 3, Constitution of West Virginia) relative to unreasonable search. *State* v. *Kees,* 92 W. Va. 277, 114 S. E. 617, 27 A. L. R. 681; *State* v. *Horner,* 92 W. Va. 285, 114 S. E. 620; *State* v. *Montgomery,* 94 W. Va. 153, 160, 117 S. E. 870; *State* v. *Zink,* 102 W. Va. 619, 135 S. E. 905.

The present statute (Acts 1935, Chap. 4, Art. 6, Sec. 18) provides:

> "If there be complaint on oath or affirmation supported by affidavit or affidavits *setting forth the facts* for such belief that alcoholic liquors are being manufactured, sold, kept, stored or in any manner held, used or concealed in a particular house or other place in violation of law, the justice of the peace, * * * to whom such complaint is made, if satisfied that there is a probable cause for such belief, shall issue a warrant to search such house or other place for alcoholic liquors. Such warrants, except as herein otherwise provided, shall be issued, directed and executed in accordance with the laws of West Virginia pertaining to search warrants."

The question involving the sufficiency of the affidavit in the instant case, under the new statute, is novel to this court. The legislative policy of the new statute differs from the policy underlying our former decisions under the old statute. We cannot ignore the change in the statute. When the Legislature provided that the complaint in support of a search warrant shall contain facts upon which the affiant bases his belief, this requirement was to the effect that the affiant must set forth in the affidavit facts and not mere conclusions of his own or conclusions of law. In *People* v. *Billerbeck*, 323 Ill. 48, 153 N. E. 586, the court held that an affidavit charging possession and transportation of intoxicating liquor in violation of the prohibition laws was simply a conclusion of law, and such an affidavit was insufficient. In numerous cases involving the sufficiency of affidavits in support of search warrants, the courts of this country have held that affidavits simply on information and belief or setting forth insufficient facts are not sufficient to sustain the issuance of a search warrant. *Byars* v. *United States*, 273 U. S. 28, 71 L. Ed. 520, 47 Sup. Ct. 248; *Simmons* v. *United States*, 18 F. (2d) 85; *Wagner* v. *United States*, 8 F. (2d) 581; (see annotation in 3 A. L. R. 1514; 13 A. L. R. 1316; 27 A. L. R. 709; 39 A. L. R. 811; 74 A. L. R. 1419). In *Wagner* v. *United States, supra,*

the court held that evidence to justify the finding of probable cause must be such as would be admissible on trial; and that the finding must be based on sufficient facts and not on beliefs, surmises or mere conclusions. To the same effect see *Osborne* v. *Com.*, 214 Ky. 84, 282 S. W. 762. It would not be profitable to review the many decisions bearing on the sufficiency of affidavits in support of search warrants because each case stands upon its own facts. It is sufficient for us to say that the bare statement of conclusion, that is, the words "sale", "possession & sale", do not constitute a statement of facts such as would support the search warrant in this case. Without hesitation, we say that the warrants in question are invalid, and that the evidence introduced at the trial which was obtained under the search warrants was inadmissible. Under no condition, do we wish to be understood that the new statute requires the affidavits to contain a statement of the evidence, nor do we think that any detailed statement is required of the affiant in such an affidavit. This position is predicated upon a sound public policy. But such a public policy does not go so far as to contravene the express provisions of the statute.

We are, therefore, of the opinion that the judgment of the Circuit Court should be reversed, the verdict of the jury set aside, and a new trial awarded the defendant.

*Judgment reversed; verdict set aside; new trial awarded.*

HATCHER, JUDGE, concurring:

Personally, I could reconcile the warrants with the statute; but since the other members of the Court are unable to do so, I concur in the reversal.