81 S.E.2d 914 (1954)
STATE
v.
DE SPAIN.
No. CC812.
Supreme Court of Appeals of West Virginia.
Submitted April 13, 1954.
Decided May 18, 1954.
*915 John G. Fox, Atty. Gen., T. D. Kauffelt, Asst. Atty. Gen., for plaintiff.
Bonn Brown, Jacob S. Hyer, Elkins, Milford L. Gibson, Kingwood, for defendant.
BROWNING, Judge.
This case is here upon certificate from the Circuit Court of Randolph County. On October 11, 1953, E. P. Phares, Mayor of the City of Elkins, in his capacity as justice of the peace, ex officio, upon complaint of J. R. Stalnaker that the latter "has cause to believe and does believe that alcoholic liquors * * * are being manufactured, sold * * *.", in a certain described two story building in the City of Elkins occupied by the Elks Club "contrary to the laws of the State of West Virginia, and that the facts for such belief are possession of an affidavit alleging the sale of alcoholic liquors within the Elks Club on the ___ day of October, 1953.", issued a search warrant. Pursuant to the authority of this warrant of search and seizure, officers of the police department of the City of Elkins, on the 11th day of October, 1953, searched the premises described in the warrant, and seized a substantial quantity of alcoholic liquors. At that time and place, the defendant was arrested, and on October 13, 1953, an indictment was returned by a grand jury, regularly convened in the Circuit Court of Randolph County, charging the defendant with unlawful possession for sale of alcoholic liquors. The defendant moved the Circuit Court of Randolph County, on October 19, 1953, to quash the search warrant, the motion being overruled on December 14, 1953, and on motion of the court, at the request of counsel for the State and the defendant, the ruling was certified to this Court, and subsequently docketed for hearing.
The specific question certified to this Court is as follows:
"Was the affidavit or verified complaint, in which the alleged facts for the belief of affiant were as follows: `Possession of an affidavit alleging the sale of alcoholic liquors within the Elks Club on the ___ day of October, 1953,' upon which the search warrant was issued, a sufficient compliance with Chapter 60, Article 6, Section 18, of the West Virginia Code, to warrant the issuance of the search warrant in question?"
Prior to the enactment of Chapter 4, Article 6, Section 18, Acts of the Legislature, 1935, this Court had held on several occasions that a search warrant, alleging a violation of the liquor laws based upon information rather than facts, was sufficient compliance with the constitutional provisions relative to unreasonable search. However, the last mentioned Act, now Code, 60-6-18, provides that: "If there be complaint on oath or affirmation supported by affidavit or affidavits setting forth the facts for such belief that alcoholic liquors are being manufactured, sold, kept, * *." (Italics supplied.), that the proper official may issue such warrant of search and seizure.
In State v. Lacy, 118 W.Va. 343, 190 S.E. 344, 346, this Court, in construing the last mentioned statute, held that a search warrant based upon a complaint, supported by an affidavit setting forth the "sale" or "`possession & sale'" as the only facts of the affiant's belief that alcoholic liquors were being manufactured, sold, etc., is insufficient as not constituting a sufficient statement of "facts". However, in State v. Rigsby, 124 W.Va. 344, 20 S.E.2d 906, 908, a search warrant was held sufficient where the complaint alleged that the affiant had cause to believe that alcoholic liquors were being transported, etc., in an automobile, satisfactorily described, and "`that the facts for such belief are that the affiant *916 knowing the said Elbert Rigsby to be a bootlegger and having received information that the said Elbert Rigsby would deliver whiskey to 840½ 4th Avenue in the above said automobile.' * * *" The Court said: "The words in the complaint, `knowing the said Elbert Rigsby to be a bootlegger', do not state a conclusion of law as suggested by plaintiff in error. They are a statement of fact as completely as if it had been said that he was a farmer, a doctor or a carpenter." It is to be noted that the warrant was upheld by a divided Court, Judge Kenna filing a strong dissent in which Judge Riley concurred. This Court has had this issue before it in no other case since the 1935 Amendment.
The affidavit in the instant case, which the State maintains is a "fact" sufficient to meet the provisions of Code, 60-6-18, was not attached to the affidavit of Stalnaker, nor was it subsequently produced. The identity of the affiant was never revealed. A sworn statement in an officer's possession, without disclosure of its contents, would appear to be of no greater aid in the determination of probable cause than a similar unsworn statement. In either case, to hold that bare possession of information of an alleged violation, without more, constitutes a fact upon which to ground the issuance of a search warrant, would seem to be tantamount to permitting the affiant to usurp the judicial function of the issuing magistrate or court in determining whether probable cause for such belief exists. However, this Court has decided that this question is not properly before it, inasmuch as it is without jurisdiction to pass upon the question certified by the Circuit Court of Randolph County.
Code, 58-5-2, provides that: "Any question arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading, in any case within the appellate jurisdiction of the supreme court of appeals, may, in the discretion of the circuit court in which it arises, and shall, on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision, and further proceedings in the case stayed until such question shall have been decided and the decision thereof certified back. * * *" Although not raised by counsel in briefs or arguments, inasmuch as the question goes to the jurisdiction of this Court, it can be initially raised here.
When the Legislature has prescribed limitations within which the right of appeal may be exercised, such limitations are exclusive, and the Court cannot modify or enlarge them without express statutory authority. The statutory procedure of presenting interlocutory decisions of a lower court to this Court by certification, being in derogation of the common law, should be, and has been, strictly construed by this Court. In Carper v. Montgomery Ward & Company, 123 W.Va. 177, 13 S.E.2d 643, 644, this Court, in speaking of this section, said: "* * * only questions arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading, are certifiable."
The ruling of the trial court in the instant case resulting in the certification was the overruling of a motion by the defendant to quash the search warrant, the purpose of the motion being, of course, to suppress the evidence against the defendant which had been secured under authority of the search warrant. This motion did not attack the indictment, and any ruling which the trial court made upon the motion would not necessarily have been a finality as far as the disposition of the case was concerned, inasmuch as it is possible that other evidence could have been produced by the State which would have resulted in a conviction. A summons is defined in 2 Bouv. Law Dict. Rawle's Third Revision, p. 3182, as follows: "The name of a writ commanding the sheriff, or other authorized officer, to notify a party to appear in court to answer a complaint made against him and in the said writ specified, on a day therein mentioned."
Obviously, a search warrant is not a summons, and it is not a pleading. In State v. Wantropski, 98 W.Va. 123, 126 *917 S.E. 496, the defendant demurred to and moved to quash the indictment, and both having been overruled, he entered a plea of not guilty. Prior to trial, the defendant filed his petition challenging the sufficiency of the warrant, under which the officers had invaded his home, seizing a still and a quantity of mash. The State demurred to the petition, the trial court overruled the demurrer, and the question was certified to this Court and docketed. It was held that this Court will not consider, upon certification, the ruling of a trial court upon the sufficiency of a petition to suppress evidence. In the opinion, the Court said: "This proceeding is based upon the practice prevailing in the federal courts authorizing a defendant to test in advance of trial the admissibility of evidence alleged to have been obtained through illegal search and seizure. * * * Such practice, however, has not gained sanction by the state courts as a recognized common law procedure. We held in the case of State v. Montgomery, 94 W.Va. 153, 117 S.E. 870, that it was not error for the trial court to sustain a demurrer to such petition upon the theory that in the trial of criminal cases the courts will not stop to try collateral issues, which can be speedily determined in the progress of the trial without impairing the rights of the prisoner."
Inasmuch as the ruling of the Circuit Court of Randolph County, upon the motion to quash the search warrant, cannot be considered by this Court upon certificate, this case is dismissed from the docket of this Court.
Certificate dismissed.