LYDIA SLATER *v.* J. R. SLATER

(CC 576)

Submitted April 27, 1937. Decided May 18, 1937.

*John T. Copenhaver* and *L. Steele Trotter,* for plaintiff.

*Claude L. Smith,* for defendant.

KENNA, PRESIDENT:

Lydia Slater sued her husband, J. R. Slater, for divorce in the Circuit Court of Kanawha County. A demurrer was interposed to her amended and supplemental bill, and upon overruling the demurrer the trial court certified, upon the joint application of the parties, the following matters of law to this court:

(1) The averment in the amended and supplemental bill of complaint that the plaintiff and the defendant are first cousins, precludes the plaintiff from instituting an action for divorce.

(2) The only relief available to the plaintiff is the institution of a suit to annul said marriage.

(3) The court is without jurisdiction to grant a divorce and no alimony, counsel fee or suit money can be decreed against the defendant.

The order entered on December 7, 1936, recites a previous order entered on the 22nd day of May, 1936, awarding to the plaintiff and against the defendant fifty dollars attorney's fees and support money of thirty dollars per month. The order of December 7, 1936, expressly provides that the defendant be bound by the terms and conditions of the order of the 22nd day of May, 1936. It will thus be seen that there was involved in the latter order the payment of something over two hundred fifty dollars, and that it was an order for the payment of money. This court has already held that a decree for alimony *pendente lite* is a decree for the payment of money and that if the money involved equals the jurisdictional amount for an appeal to this court, the decree is appealable. *Blackshere* v. *Blackshere*, 111 W. Va. 213, 161 S. E. 27. The decree being appealable, the matters of law arising upon it are not certifiable. *Staud* v. *Sill*, 114 W. Va. 208, 171 S. E. 428. On the basis of the foregoing observations, it will be seen that this certification was improvidently docketed. The trial court not only overruled the demurrer to the plaintiff's amended and supplemental bill, but went further and, upon the basis of that bill of complaint, ordered that the defendant pay money to the plaintiff in an amount greater than the jurisdictional amount for appeals to this court. The trial court having acted upon the amended and supplemental bill of complaint after having overruled the demurrer thereto and having by his action rendered his decree appealable, this certification must be dismissed.

*Dismissed.*