CITY ICE & FUEL COMPANY *v.* FRED DANKMER *et al.*

(CC 661)

Submitted January 14, 1943.  Decided February 1, 1943.

*Martin Brown,* for plaintiff.
*Charles McCamic,* for defendant.

KENNA, JUDGE:

Pursuant to the joint request of counsel, the Circuit Court of Marshall County certified generally to this Court the legal questions which arose upon its sustaining a motion to quash a writ of *scire facias* emanating from the clerk's office of that court for the purpose of reviving this cause, involving the title to land, in the name of Louisa Dankmer's administrator, she having been a necessary party defendant who died *pendente lite.*  Due to the fact that we have concluded that the order docketing this cer-

tification was improvidently entered, it becomes unnecessary to consider the questions certified.

The order of the Circuit Court entered on the twelfth day of June, 1942, sustained the motion to quash the writ, and by so doing definitely terminated its effect in so far as the interest of Louisa Dankmer and those in privity with or holding under her are concerned. After the death of Louisa Dankmer it became indispensable to resurrect the cause in the name of the proper person to represent her interest. That being the case, we are of the opinion that the Circuit Court's holding was and is reviewable by appeal, and that there are no further proceedings in the cause related to the questions raised by the motion to quash which could be stayed in conformity with the provisions of Code, 58-5-2. Since questions appealable or reviewable by writ of error are not regarded as questions upon which the lower court could hold its ruling in abeyance pending the decision of questions certified to a superior court, we have consistently held that questions thus disposed of lack the tentative element necessary to certification. In such matters, the lower court has taken a positive position. *Slater* v. *Slater,* 118 W. Va. 645, 191 S. E. 524.

We wish to direct attention to the fact that we are not dealing with the question of whether the *overruling* of a motion to quash would operate to raise certifiable questions of law, but are dealing only with a situation developed by sustaining that motion. Speaking generally, quashing process, or any other part of a court's records, amounts to completely expunging the paper under consideration by a self-executing order, leaving nothing of record to act as a vehicle, the operation of which can be suspended pending certification. We think that the overruling of a motion to quash could be treated as not having that effect. We therefore do not wish to be understood as now indirectly dealing with the procedural questions that might be so raised.

*Dismissed.*