WEST VIRGINIA WATER SERVICE COMPANY

*v.*

I. V. CUNNINGHAM, *Doing Business as*
MOUNTAIN STATE CONSTRUCTION COMPANY

(CC 835)

Submitted April 24, 1957. Decided July 2, 1957.

*McClintic, James, Wise & Dadisman, J. H. McClintic, Stanley E. Dadisman,* for plaintiff.

*Amos, Brotherton & Keightley,* for defendant.

*Palmer & Elkins and J. Campbell Palmer, III,* for insurance carrier of defendant, as amicus curiae.

RILEY, PRESIDENT:

This notice of motion for judgment proceeding was instituted in the Circuit Court of Kanawha County by West Virginia Water Service Company, a corporation, against I. V. Cunningham, doing business as Mountain State Construction Company, to recover on contract in the amount of four thousand nine hundred and thirty-eight dollars and eighteen cents, based upon job order requests for the West Virginia Water Service Company to move certain of its main lines and facilities out of defendant's way at Kanawha Boulevard, Hunt Avenue, Fitzgerald Street, Vine Street and Park Street in the City of Charleston, in which proceeding the circuit court overruled plaintiff's demurrer to defendant's third special plea, and in doing so, evidently because of the importance of the questions involved, certified to this Court, on its own motion, four questions of law arising upon the pleadings.

For convenience, the West Virginia Water Service Company, a corporation, will at times hereinafter be referred to as the "Water Company"; The Sanitary Board of the City of Charleston as the "sanitary board"; and

I. V. Cunningham, doing business as Mountain State Construction as the "construction company".

In overruling the demurrer to defendant's third special plea, as disclosed by the opinion of the court, the circuit court held, in effect, that the defendant enjoyed the immunities of the City of Charleston, and was not legally liable on the contract, as set forth in the notice of motion for judgment and affidavit.

The statute creating The Sanitary Board of the City of Charleston, which is contained in Chapter 25, Acts of the Legislature, First Extraordinary Session, 1933, as amended, has been inserted in 1 Michie's West Virginia Code, 1955, Anno., in Article 13, Chapter 16. Pursuant to the provisions of this statute, the Council of the City of Charleston adopted an ordinance on March 17, 1952, made a part of the pleadings and inserted in the record by defendant's third special plea, which purported to create The Sanitary Board of the City of Charleston, and gave and delegated to that board supervision and control over the "construction, acquisition, improvement, equipment, custody, operation, maintenance and administration of all works for the collection, treatment and disposal of sewage within the City of Charleston."

Under Section 17 of Chapter 25, Acts of the Legislature, First Extraordinary Session, 1933, it is provided that: "The municipality shall be subject to the same charges and rates established as hereinbefore provided, or to charges and rates established in harmony therewith, for service rendered the municipality, and shall pay such rates or charges when due from corporate funds and the same shall be deemed to be a part of the revenues of the works as herein defined, and be applied as herein provided for the application of such revenues."

Defendant's third special plea to plaintiff's notice of motion for judgment and affidavit pleads that the defendant was acting for and on behalf of the Sanitary Board of the City of Charleston, * * * under a contract for the construction of * * * a sanitary sewer system";

that the defendant, as such contractor "was and is clothed with the same immunities with which a municipal corporation is clothed"; and that the water company "is operating within the territorial limits of the said City of Charleston under a franchise granted by said City of Charleston and as such must remove, relocate, and change its properties without compensation, either directly or indirectly, from the said City of Charleston or its agents, or those working for and on behalf of said City of Charleston, or its agents, when said removal, relocation or replacement is made necessary by proper governmental improvement, * * * plaintiff has no right against the defendant, who was acting under a contract * * * for and on the behalf of an agent of said City of Charleston, to-wit, The Sanitary Board of the City of Charleston, an instrumentality of said City of Charleston."

Plaintiff's demurrer to defendant's third special plea asserts that the plea is not sufficient in law for the following reasons: (1) Defendant is an independent contractor and is not, as a matter of law, clothed with governmental immunities; (2) The Sanitary Board, constructing and operating a self-supporting sewage treatment and disposal system, is a public utility, and, as a matter of law, is not clothed with governmental immunities; and (3) the defendant, as an independent contractor, is liable on his contract with plaintiff for expenses incurred by plaintiff in moving, relocating and repairing its water mains and lines.

In overruling the demurrer to defendant's third special plea, the Circuit Court of Kanawha County certified to this Court the following questions:

"1. Is the Sanitary Board of The City of Charleston, which is engaged in the construction and operation of a self-supporting sewage treatment and disposal system, clothed with the governmental immunities with which The City of Charleston is clothed?

"2. Is defendant, a contractor under contract of February 15, 1954, with The Sanitary Board of The City of Charleston, for construction of said

sewage treatment and disposal system, entitled to the governmental immunities of The City of Charleston incident to said construction project?

"3. In the construction and operation of the self-supporting sewage treatment and disposal system, is The Sanitary Board of the City of Charleston acting in a governmental or in a proprietary capacity?

"4. Under the provisions of the statutes here involved and the contract of February 15, 1954, as specially pleaded, is the defendant contractor required to pay costs incurred by plaintiff incident to plaintiff's relocation of its public service facilities resulting from defendant's construction of said sewage treatment and disposal system?"

The pertinent provisions of the contract of February 15, 1954, between The Sanitary Board of the City of Charleston and I. V. Cunningham, doing business as Mountain State Construction Company, entered into pursuant to the provisions of the statute authorizing the creation of such board, and entered into under the authority of the ordinance of the City of Charleston as aforesaid, are as follows:

"* * * Contractor shall ascertain location of all gas, water, telephone or electric, or other public or private utilities and structures and protect same.
* * *

"Existing surface, overhead or sub-surface structures damaged or destroyed by reason of the Contractor's operations shall be promptly repaired or replaced in a satisfactory manner at the cost and expense of the Contractor.

"Should it be necessary during the progress of the work to move or relocate existing surface, overhead or sub-surface structures, the Contractor shall cause the same to be done at his own cost and expense, unless otherwise herein provided for.
* * *

"The cost of this work shall be included in the prices bid under the several items of the Contract and no separate payment will be made therefor."

In the decision of this case we have considered, in addition to the briefs of plaintiff and defendant, the brief of *amicus curiae*, filed by J. Campbell Palmer, Esq., a member of the Bar of this Court.

It follows that if Chapter 25, Acts of the Legislature, First Extraordinary Session, 1933, is a valid exercise of the police power of the State in creating a sanitary board, and authorizing it to enter into a contract such as the one here involved; and, if the defendant contractor is an independent contractor, it is unnecessary in the decision of this case to determine whether the sanitary board is clothed with the governmental immunity with which the City of Charleston is clothed, as embraced in certified question No. 1; nor is it necessary in the decision of this case to determine, as embraced in certified question No. 3, whether The Sanitary Board of the City of Charleston is acting in a governmental or proprietary capacity. Assuming such premises, only two of the certified questions are pertinent to a decision of this case, namely:

"2. Is defendant, a contractor under contract of February 15, 1954, with The Sanitary Board of The City of Charleston, for construction of said sewage treatment and disposal system, entitled to the governmental immunities of The City of Charleston incident to said construction projects?

"4. Under the provisions of the statutes here involved and the contract of February 15, 1954, as specially pleaded, is the defendant-contractor required to pay costs incurred by plaintiff incident to plaintiff's relocation of its public service facilities resulting from defendant's construction of said sewage treatment and disposal system?"

Chapter 25, Acts of the Legislature, First Extraordinary Session, 1933, in Section 24, provides: "This article being necessary for the public health, safety and welfare, it shall be liberally construed to effectuate the purpose thereof." The Legislature having made a legislative finding, judicial in its nature, that the enactment of the statute is necessary for the public health, safety and welfare, the statute providing for the creation of municipal sanitary boards, such as The Sanitary Board of the City

of Charleston, should be liberally construed; and, by the same token, such finding incorporates at least inferentially a finding that the creation of municipal sanitary boards and the delegation of powers thereunder is valid under the police power of the State, in that it provides for the public health, safety and welfare of municipalities whose councils, under the provisions of the statute, have created sanitary boards, such as The Sanitary Board of the City of Charleston.

In *Commonwealth* v. *Dougherty,* 156 Pa. Super. 520, 40 A. 992, 994, the court held that legislation pertaining to sewage conduits, so as to provide for a pure water supply and proper drainage facilities, constitutes a proper exercise of the "police power", and generally it may be said that the police power means the general power of the state to preserve and promote the public welfare, and especially is occupied with whatever affects the peace, security, morals and general welfare of the community. See *Tacoma* v. *Boutelle,* 61 Wash. 434, 112 P. 661. In addition in *Town of Grundy Center* v. *Marion,* 231 Iowa 425, 1 N. W. 2d 677, 681, it was held that the statutory power of a municipality to adopt ordinances to provide for the safety and comfort of its inhabitants and declare and prevent nuisances is a part of the "police power". See generally for an excellent collation of authorities involving the exercise of the police power in the promotion of the public health, safety, morals, and welfare, 32A Words and Phrases, Perm. Ed., 430 to 459, inclusive. In the case of *Wilburn Hayes* v. *The Town of Cedar Grove, etc.,* 126 W. Va. 828, 30 S. E. 2d 726, this Court held in point 1 of the syllabus that: "Under the police power of the State, the Legislature has the power to provide for the protection of the safety, health, morals, and general welfare of the public, and may delegate such powers to municipalities created by it"; *State ex rel. Bibb* v. *Chambers, Mayor, etc.,* 138 W. Va. 701, point 6 syllabus, 77 S. E. 2d 297. See 4 M. J., Constitutional Law, Section 71.

Under the foregoing authorities we simply hold that the ordinance of the City of Charleston, creating The Sanitary Board of the City of Charleston, is valid and

constitutional, as being within the valid exercise of the police power of the State delegated to the City of Charleston by the statute. By the same token, the contract between the sanitary board and the defendant construction company being in furtherance of the exercise of the police power of the State and in furtherance of the provisions of the ordinance of the City of Charleston, creating The Sanitary Board of the City of Charleston, is valid.

Because under the contract the City of Charleston may not exercise any control over the defendant construction company and the sanitary board, the construction company is an independent contractor under the rule of *Meyn* v. *Dulaney-Miller Auto Company, et al.,* 118 W. Va. 545, point 2 syllabus, 191 S. E. 558, which reads: " 'The test of the relation between one having work done and the workman consists in the employer's right or lack of right to supervise the work. If that right exists, the relation is that of master and servant. If that right does not exist, the relation is that of employer and independent contractor.' *Greaser* v. *Appaline Oil Company,* 109 W. Va. 396, 155 S. E. 170. The right to control, and not the exercise of control, is the test."

And further because under the contract between the sanitary board and the construction company, the construction company is bound to bear the expense of the removal of all water and other pipes under the streets of the City of Charleston which interfere with its construction work, and because under the state of the pleadings in this case the defendant construction company entered into the contract with the plaintiff water company for the removal of the latter's surface pipes, the pleadings in this case are sufficient to establish a contractual liability on the part of the construction company with the plaintiff water company for the expense which the water company incurred in the removal of its pipes under the job order requests, the Circuit Court of Kanawha County should have sustained the demurrer to defendant's third special plea.

The foregoing answers the certified questions pertinent to the decision of this case, and for the reasons assigned in the answers to said certified questions, we reverse the ruling of the trial court in overruling the demurrer to defendant's third special plea. Under this holding the certified questions pertinent to the decision of this case should be answered in the affirmative, that is to certified questions Nos. 2 and 4.

In a certified case this Court will not consider certified questions which are not necessary in the decision of the case. In this regard it is to be noted that Code, 58-5-2, as amended by Section 1, Chapter 28, Acts of the Legislature, Regular Session, 1925, provides, *inter alia:* "Any question arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading, in any case within the appellate jurisdiction of the supreme court of appeals, may, in the discretion of the circuit court in which it arises, and shall, on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision, and further proceedings in the case stayed until such question shall have been decided and the decision thereof certified back. * * *" In *Weatherford* v. *Arter, Sr.*, 135 W. Va. 391, 393, 63 S. E. 2d 572, this Court stated: "* * * Consideration of the statute, Section 2, Article 5, Chapter 58, Code, 1931, indicates that the general purpose of the Legislature in enacting it was to enable this Court to determine upon certificate all questions involving the sufficiency of a summons, a return of service, or a pleading which affect or control the final disposition of a case before vexatious costs are incurred or needless delays occur in its ultimate and complete determination. * * *". As our holding in answering in the affirmative certified questions Nos. 2 and 4 is a holding to the effect that defendant's third special plea is not sufficient in law, we reverse the ruling of the Circuit Court of Kanawha County in overruling plaintiff's demurrer to said special plea.

*Ruling reversed.*