MARGUERITE HELEN LEISHMAN

*v.*

JAMES NORMAN BIRD

(CC 864)

Submitted January 15, 1963.    Decided February 12, 1963.

526

*Charles E. Hurt,* for plaintiff.
*Franklin W. Kern,* for defendant.

CAPLAN, JUDGE:

This case is here upon certificate from the Circuit Court of Kanawha County. By complaint filed in August, 1960, the plaintiff, Marguerite Helen Leishman, sought legal custody of and support for two of her minor children born of her marriage to the defendant, James Norman Bird. She alleged therein that she and the defendant had been married in the State of Kentucky; that four children had been born of said marriage; that the two younger children had been legally adopted by her present husband; and that the relief sought was on behalf of the remaining two minor children.

She further alleged that on February 1, 1957, the defendant obtained a decree of divorce in the Circuit Court of Jackson County, Michigan; that she was not served with process in that suit and had no knowledge thereof until a copy of the decree was mailed to her; that neither she nor her children were within the jurisdiction of the Michigan court during the divorce proceedings; and that notwithstanding the foregoing, the court granted the defendant a divorce, awarded custody of the children to the plaintiff, but made no provision for the support and maintenance of said children.

The defendant, answering the complaint, did not resist the plaintiff's motion for custody of the children. On the ground, however, that his economic status was far inferior to that of the plaintiff, he demanded that he not be required

to pay money for the support and maintenance of the two minor children.

On January 4, 1961, counsel for the respective parties caused to be entered in the Circuit Court of Kanawha County an agreed order, under the provisions of which the defendant agreed that the plaintiff shall have custody of the children and that he shall pay to the plaintiff, for the support and maintenance of said children, the sum of fifty dollars each and every month until the children shall have reached the age of twenty one years.

The defendant failed to continue to make the payments provided for in the foregoing order. In December, 1961, the plaintiff filed her petition alleging that no payment had been made since April, 1961, that the sum of four hundred fifty dollars was due and owing her from the defendant, and moved that the defendant be adjudged in contempt for failure to obey the order of the court. After mailing proper notice to the plaintiff, the defendant filed a motion to set aside the order of January 4, 1961, and all subsequent orders. His ground therefor was that the Circuit Court of Kanawha County did not have jurisdiction over the subject matter of this civil action.

The circuit court, by order dated March 31, 1962, overruled the defendant's motion and, on its own motion, certified the following question to this Court: "May the former wife, the plaintiff herein, bring a civil action against her former husband, the defendant herein, for the custody of said children and the award of money to the plaintiff for support and maintenance of said children, upon a complaint which alleges that the plaintiff and defendant were divorced by a final decree of the Circuit Court of Jackson County, Michigan, a certified copy of said decree being made a part of the complaint, said decree showing that the plaintiff was awarded custody of the infant children of plaintiff and defendant, until further order of said Court, and that no provision was made therein for payment of alimony nor for the payment of any sum of money for support, maintenance and education of said children, or is the plaintiff's remedy, if any, exclusively that of either, (a) petitioning the said

Circuit Court of Jackson County, Michigan, for modification of said decree and for provisions for support, maintenance and education of said children, or (b) filing a complaint under the provisions of Chapter 48, Article 8, of the Code of West Virginia, as amended?"

When a question is certified to this Court by a trial court we must first determine whether such question is certifiable under the appropriate statute. Although not raised by counsel, inasmuch as the question relates to the jurisdiction of this Court, it can be raised here initially. Code, 58-5-2, provides: "Any question arising upon the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading, in any case within the appellate jurisdiction of the supreme court of appeals, may, in the discretion of the circuit court in which it arises * * * be certified by it to the supreme court of appeals for its decision, and further proceedings in the case stayed until such question shall have been decided and the decision thereof certified back * * *".

The statutory procedure whereby an interlocutory decision of a trial court is certified to this Court, being in derogation of the common law, should be and has been strictly construed. *State* v. *DeSpain*, 139 W. Va. 854, 81 S. E. 2d 914. The legislative purpose in enacting Code, 58-5-2, was to enable this Court to determine upon certificate all questions involving the sufficiency of a summons, a return of service or a pleading which affects or controls the final disposition of a case. *West Virginia Water Service Company* v. *Cunningham*, 143 W. Va. 1, 98 S. E. 2d 891. The obvious underlying reason for this statute is to permit the adjudication of certain preliminary but essential matters before vexatious costs are incurred and needless delays take place in the ultimate and complete determination of the case. *Weatherford* v. *Arter*, 135 W. Va. 391, 63 S. E. 2d 572. Under the provisions of Code, 58-5-2, the jurisdiction of this Court is expressly limited to questions of law pertaining to the sufficiency of a summons or return of service, or challenge of the sufficiency of a pleading. See article by Judge Haymond, "Certified Cases Under the Statutes and

the Rules of Civil Procedure", 65 W. Va. L. Rev. 1. Being appellate in nature and allowable only by statute, this Court may not enlarge this procedure. *State* v. *Houchins,* 96 W. Va. 375, 123 S. E. 185.

In this case no question exists as to the sufficiency of the summons or return of service. Therefore, let us consider the pleading involved. Was the motion to set aside the order of January 4, 1961, a challenge of the sufficiency of a pleading within the meaning of Code, 58-5-2? We think not. The order of the Circuit Court of Kanawha County, entered on January 4, 1961, awarded custody of the children and support money to the plaintiff. Under Code, 58-5-1 (g), it was an appealable order. This Court has firmly held, and it is well established, that appealable judgments, orders and decrees are not reviewable by certificate under the provisions of Code, 58-5-2. *Saffel* v. *Woodyard,* 90 W. Va. 747, 111 S. E. 768, and cases cited therein. Likewise, questions of law arising under an appealable decree may not be certified. *Slater* v. *Slater,* 118 W. Va. 645, 191 S. E. 524; *City Ice & Fuel Company* v. *Dankmer, et al.,* 125 W. Va. 299, 24 S. E. 2d 89.

For the reasons stated herein, this case will be dismissed as improvidently docketed.

*Dismissed.*