JERRY G. BENNETT

*v.*

GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORP., LTD.

(CC 865)

Submitted January 14, 1964.     Decided March 11, 1964.

*David D. Ashworth, Lynch & Henderson, G. Berk Lynch,* for plaintiff.

*Scherer, Bowers, File & Hodson, Donald D. Hodson,* for defendant and third-party plaintiff.

*Fletcher W. Mann,* for third-party defendants.

BROWNING, JUDGE:

Plaintiff, Jerry G. Bennett, recovered a default judgment against one Allison, a jury awarded damages in the amount of $35,000.00 and judgment was entered thereon. That judgment remaining unsatisfied and an execution returned "No property found.", plaintiff instituted the present action against the defendant, General Accident Fire and Life Assur. Corp., Ltd., the liability insurance carrier of Allison. Defendant impleaded Lilly as a third-party defendant, and defendant, and third-party defendant, moved to dismiss the complaint on the ground that the default judgment against Allison was void and unenforceable.

On July 20, 1963, at the July term of Court, the matter came on to be heard and an order was entered reciting ". . . that the defendant . . . and the third party defendants . . . had moved the court to dismiss this complaint upon the ground that the default judgment upon which the action is based is void and unenforceable and the court . . . doth sustain said motion . . . [and] the said *motion to dismiss this action is hereby sustained. . . .*" (Italics supplied), and the court, on its own motion, certified the question of law arising thereon to this Court. Subsequently, on September 13, 1963, at the August term of said court, a motion by counsel for plaintiff to amend that order to show the objection of the plaintiff to the filing of the record in the Allison case as a part of the record herein and to show the dismissal of plaintiff's complaint, rather than the dismissal of the action, was sustained, the order of July 20, 1963, was so amended, and the question, "Is the default judgment upon which the present suit is based void.", certified to this Court.

Code, 58-5-2, provides that: "Any question arising upon the sufficiency of a summons or return of service, or

challenge of the sufficiency of a pleading, in any case within the appellate jurisdiction of the supreme court of appeals, may, in the discretion of the circuit court in which it arises, and shall, on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision, and further proceedings in the case stayed until such question shall have been decided and the decision thereof certified back. . . .", The statutory procedure of presenting interlocutory decisions of a lower court to this Court by certification, being in derogation of the common law, should be, and has been, strictly construed by this Court. *State v. De Spain*, 139 W. Va. 854, 81 S. E. 2d 914, and other citations of authorities in the opinion of that case.

It is the opinion of this Court that the order of July 20, 1963, was a final, appealable order. Rule 59(e) of the West Virginia Rules of Civil Procedure for Trial Courts provides that: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." This record affirmatively discloses that there was no action by the parties in compliance with the provisions of that rule to modify the judgment. The motion of counsel for the plaintiff of September 13, 1963, directed to the trial court, to amend the order of July 20, 1963, was not timely and the judge of that court was without authority to enter the order which he attempted to enter of September 13, 1963. Therefore the order of July 20, 1963, remains in full force and effect. It was not an interlocutory order and cannot be considered by this Court upon certificate.

*Dismissed.*