STATE OF WEST VIRGINIA

*v.*

ROGER LEE BROWN

(No. CC895)

Decided March 23, 1976.

*Chauncey H. Browning*, Attorney General, *Betty L. Caplan*, Assistant Attorney General, for plaintiff.

*Larry L. Skeen, Kennad L. Skeen, Lawrence B. Mentzer* for defendant.

BERRY, CHIEF JUSTICE:

This case is here on certificate from the Circuit Court of Jackson County. On February 24, 1975, Roger Lee Brown was indicted by the grand jury of Jackson County for the felony of third offense driving under the influence of intoxicating liquor. The indictment alleged two convictions for driving under the influence of intoxicating liquor within five years immediately prior to the occurrence giving rise to the present charge. The two prior convictions occurred on January 21, 1971, and October 21, 1972. The conviction of October 21, 1972, occurred before the Honorable Gay H. Duke, Mayor of the City of Ripley.

The defendant filed a special plea to the indictment in which he asserted that the conviction by the Mayor of Ripley was unconstitutionally void because the Mayor improperly exercised judicial and executive power simultaneously. The Circuit Court of Jackson County sustained the special plea and dismissed the indictment charging a felony.

Following its ruling, the circuit court certified questions to this Court relating to the constitutionality of the statutory authorization for a mayor to act as both the chief executive officer and ex officio justice of the peace, as the questions were raised by the special plea and the various exhibits filed in support thereof.

The statute governing the procedure for presenting interlocutory decisions of a lower court to this Court by certificate, being in derogation of the common law, is strictly construed. *Bennett v. General Accident Fire and Life Assurance Corp.*, 148 W. Va. 338, 135 S.E.2d 96 (1964); *State v. DeSpain*, 139 W. Va. 854, 81 S.E.2d 914 (1954); *Carper v. Montgomery Ward & Co.*, 123 W. Va. 177,

13 S.E.2d 643 (1941). Thus, the question of certifiability is one which goes to the jurisdiction of this Court. For this reason, the Court must, on its own initiative, determine whether the requirements of the statutory procedure are met in any given case. *Leishman v. Bird,* 147 W. Va. 525, 29 S.E.2d 440 (1963). In the present case we conclude that certification was improper for two reasons.

Appealable judgments, orders and decrees are not reviewable by certificate. *Leishman v. Bird, supra; City Ice & Fuel Co. v. Dankmer,* 125 W. Va. 299, 24 S.E.2d 89 (1943); *Slater v. Slater,* 118 W. Va. 645, 191 S.E. 524 (1937); *Saffel v. Woodyard,* 90 W. Va. 747, 111 S.E. 768 (1922).

The action of the trial court in dismissing the indictment charging a felony is a final judgment as to such charge and can be appealed by the State. *Code,* 58-5-30, provides in relevant part:

"Notwithstanding anything hereinbefore contained in this article, whenever in any criminal case an indictment is held bad or insufficient by the judgment or order of a circuit court, the State, on the application of the attorney general or the prosecuting attorney, may obtain a writ of error to secure a review of such judgment or order by the Supreme Court of Appeals."

Reading the foregoing statute together with *Code,* 58-5-2, this Court has previously held that the exclusive avenue for review of an order holding an indictment insufficient is by writ of error rather than by certification. In *State v. O'Brien,* 102 W. Va. 83, 134 S.E. 464 (1926), it was held that the judgment of the circuit court, in dismissing a warrant or indictment because of insufficiency, is a final judgment and cannot be reviewed by this Court on certification. Similarly, this Court ruled in *State v. Bailey,* 154 W. Va. 25, 173 S.E.2d 173 (1970) that:

"A judgment or an order of a circuit court which holds an indictment or a warrant in a criminal case to be bad or insufficient has been held by this Court to be a final order which is reviewable only by writ of error under Section 30, Article 5, Chapter 58, Code, 1931, and not on certificate under the provisions of Section 2, Article 5, Chapter 58, Code, 1931, as amended."

The proper method to challenge the action of a trial court in dismissing an indictment for insufficiency is to appeal such actions under the provisions of *Code*, 58-5-30. *State v. Younger*, 130 W. Va. 236, 43 S.E.2d 52 (1947).

The second aspect of the instant case which constitutes an impediment to its certification is that in ruling on the defendant's special plea, the court below considered and apparently relied upon factual matters outside of the pleadings. It has been repeatedly held that this Court has no jurisdiction to review on certification any pleading which has been disposed of by reliance on proof. *State v. Miller*, 145 W. Va. 59, 112 S.E.2d 472 (1960); *State v. Stout*, 142 W. Va. 182, 95 S.E.2d 639 (1956); *State v. Holesapple*, 116 W. Va. 19, 178 S.E. 280 (1935).

It appears that the questions presented to this Court by the Circuit Court of Jackson County are not certifiable under *Code*, 58-5-2, as amended, and the case is therefore dismissed as improvidently docketed.

*Dismissed.*