PIERCE TOLER

*v.*

J. A. SHELTON

(No. CC896)

Decided March 30, 1976.

D. *Grove Moler* for Toler.

*Billy E. Burkett* for State Farm.

BERRY, CHIEF JUSTICE:

This case is here on certification from the Circuit Court of McDowell County on the joint motion of the parties. The questions certified arise out of the action of the circuit court in granting the motion of the plaintiff, Pierce Toler, to strike defenses of res judicata, statute of limitations and laches interposed by the State Farm Mutual Automobile Insurance Company, intervenor below.

On August 8, 1968, Pierce Toler and his wife, Pansy Toler, suffered personal injuries and property damage as a result of an automobile collision with the defendant,

J. A. Shelton, an uninsured motorist. At the time, the Tolers were the owners of an automobile insurance policy issued by State Farm Mutual Automobile Insurance Company which contained standard uninsured motorist coverage provisions.

After some unsuccessful negotiations with their insurance carrier, the Tolers initiated two civil actions against Shelton contending that his negligence was the proximate cause of their injuries and property damage. For all intents and purposes, the two actions were identical with the exception of the damage claims. In the action before this Court, styled "Pierce Toler v. J. A. Shelton, Civil Action 4924," a claim was made solely on behalf of Pierce Toler for personal injuries, pain and suffering, loss of wages, personal medical expenses and the damage to his automobile. In the other case, styled "Pansy Toler and Pierce Toler v. J. A. Shelton, Civil Action 4925," recovery was sought for Pansy Toler's personal injuries, pain and suffering and Pierce Toler's payment of Pansy Toler's medical expenses and loss of his wife's consortium. At the time of the filing of both actions below, process was not served on the plaintiffs' insurance carrier in accordance with the provisions of *Code*, 33-6-31(d), *as amended.*

The defendant Shelton appeared below and filed answers to both of the complaints. Although no motion was made to consolidate the separate actions, both actions were set for trial on February 24, 1969. On the trial date, counsel for the respective parties reached a settlement agreement relative to Civil Action 4925. The pleadings and exhibits on record fall short of being explicit as to the details of this agreement.

No judgment order was entered in accordance with the settlement agreement until August 1, 1969, when counsel for Shelton obtained the entry of judgment in favor of the Tolers and against Shelton in the amount of $1,000.00. That order apparently was entered without notice to the plaintiffs and did not contain a reservation of the right to proceed against Shelton in Civil Action

4924. On August 16, 1969, Shelton filed a plea of res judicata in Civil Action 4924, contending that the action was barred by the judgment entered in Civil Action 4925 because Pierce Toler had improperly split his cause of action. Again, after some delay, on February 16, 1970, the circuit court dismissed Civil Action 4924, with prejudice, on the basis of the plea of res judicata. This action by the circuit court was apparently unknown to the then counsel for the Tolers, or was overlooked by him.

In the case of *Toler v. Shelton,* _____ W. Va. _____, 204 S.E.2d 85 (1974), this Court held that the refusal of the trial court to vacate the dismissal order pursuant to a timely motion made under Rule 60(b) of the West Virginia Rules of Civil Procedure constituted an abuse of discretion inasmuch as the dismissal was entered against Toler without the notice required by Rule 6(d), West Virginia Rules of Civil Procedure. Following the reversal and remand to the circuit court, that court set aside its dismissal and reinstated Civil Action 4924 for further proceedings.

Apparently immediately after the reinstatement of his action, on August 14, 1974, the plaintiff Toler caused a summons and copy of the complaint in Civil Action 4924 to be served on his insurer, State Farm, in accordance with the provisions of the uninsured motorist statute, *Code* 33-6-31(d), *as amended.* Electing to appear on its own behalf, State Farm filed an answer to the complaint. By that answer, State Farm affirmatively pleaded the defenses of contributory negligence, res judicata, the statute of limitations and laches. Appended to State Farm's answer as exhibits were numerous documents which demonstrated the court's prior action on Civil Action 4925.

In response to the answer filed on behalf of the insurer, the plaintiff Toler filed a motion under Rule 12(f) R.C.P. to strike, as insufficient, the defenses of res judicata, statute of limitations and laches. In support of this motion, the plaintiff filed affidavits and numerous exhibits in an attempt to show the factual background relating to prior negotiations with his insurance carrier and

notification of institution of the action, as well as the circumstances surrounding the agreement of settlement on Civil Action 4925.

Taking into consideration all of the matters before it, on October 28, 1975, the Circuit Court of McDowell County sustained the plaintiff's motion and entered an order striking the defenses referred to above, to which action the insurer properly objected. Simultaneously, on joint motion of the parties, the circuit court certified seven mixed questions of law and fact to this Court involving the defenses assserted by the plaintiff's insurance carrier in the action against Shelton.

When questions are certified to this Court by a trial court, it must first be determined whether such questions are certifiable under the statute which describes and controls the procedure. The relevant language in the certification statute, *Code* 58-5-2, *as amended* provides:

"Any question arising upon the sufficiency of a summons or return of service, upon a challenge of the sufficiency of a pleading or the venue of the circuit court, upon the sufficiency of a motion for summary judgment where such motion is denied, or a motion for judgment on the pleadings, upon the jurisdiction of the circuit court of a person or subject matter, or upon failure to join an indispensable party, in any case within the appellate jurisdiction of the supreme court of appeals, may, in the discretion of the circuit court in which it arises, and shall, on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision, and further proceedings in the case stayed until such question shall have been decided and the decision thereof certified back."

The statute governing the procedure for presenting interlocutory decisions of a lower court to this Court by certificate, being in derogation of the common law, is strictly construed. So, certifiability being a jurisdictional question, this Court will examine and decide it *sua*

*sponte. Bennett v. General Assur. Corp.*, 148 W. Va. 338, 135 S.E.2d 96 (1964); *Leishman v. Bird*, 147 W. Va. 525, 129 S.E.2d 440 (1963); *State v. DeSpain*, 139 W. Va. 854, 81 S.E.2d 914 (1954); *Carper v. Montgomery Ward & Co.*, 123 W. Va. 177, 13 S.E.2d 643 (1941).

Our examination of the record in the instant case, with particular reference to the character of the disposition by the trial court and the matters considered by it in reaching its ruling, compels us to conclude, on two separate bases, that this Court is without jurisdiction to resolve the questions certified. First, this Court has repeatedly held that it has neither jurisdiction to determine a question of fact on certificate nor to review on certificate any adjudication which has resulted in the disposition of a pleading on proof. Certification is a procedure which is available only to examine the facial sufficiency of a pleading and does not lie to test the sufficiency of a pleading when measured against underlying facts. *Sage v. Boyd*, 145 W. Va. 197, 113 S.E.2d 836 (1960); *State v. Miller*, 145 W. Va. 59, 112 S.E.2d 472 (1960); *State v. Stout*, 142 W. Va. 182, 95 S.E.2d 639 (1956); *Carper v. Montgomery Ward & Co., supra; State v. Holesapple*, 116 W. Va. 19, 178 S.E. 280 (1935). Here, the court below had before it and considered substantial factual matter in the form of affidavits and exhibits relating to the respective positions of the parties on the defenses asserted and challenged. That being the case, this Court is precluded from entertaining a review under *Code*, 58-5-2 *as amended*, of the interlocutory action of the lower court in striking defenses.

A close scrutiny and proper characterization of the action of the circuit court leads us to a second reason for concluding that we are without jurisdiction to decide the present case. A motion under Rule 12(f), R.C.P. goes solely to the sufficiency of defenses as they are presented by the pleadings and matters outside the pleadings, such as affidavits, may not be used or considered. *Wohl v. Blair and Co.*, 50 F.R.D. 89 (S.D.N.Y. 1970); *Kramer v. Living Aluminum, Inc.*, 38 F.R.D. 347 (S.D.N.Y. 1965);

*Ciprari v. Servicos Aereos Cruziero*, 245 F. Supp. 819 (S.D.N.Y. 1965); 5 Wright and Miller, *Federal Practice and Procedure*, §1380 (1969). However, some courts have held that if factual matters underlying the pleadings are presented and considered in connection with the motion under Rule 12(f), the motion may be considered a motion for partial summary judgment under Rule 56(d), R.C.P. *Ciprari v. Servicos Aereos Cruziero, supra; Brown v. Bridgeport Rolling Mills Co.*, 245 F. Supp. 41 (D.C. Conn. 1965); 5 Wright and Miller, *Federal Practice and Procedure*, §1380 (1969).

Thus, in the present case, if the consideration of and reliance upon exhibits and affidavits by the trial court in ruling on the plaintiff's motion to strike defenses under Rule 12(f), arguably amounts to a conversion of the motion into one for partial summary judgment under Rule 56(d) R.C.P., the case is, nevertheless, not certifiable under the statute, *Code* 58-5-2 *as amended*, because the motion was *granted*. Under the statute, only questions arising upon the sufficiency of a motion for summary judgment where such motion is *denied* are certifiable.

It clearly appears that the case presented for review is not certifiable under the statute and is, therefore, dismissed as being improvidently docketed.

*Dismissed.*